UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>    Plaintiff,<br><br>  vs.<br><br>J. CLARK, et al.,<br><br>    Defendants. | 1:13-cv-00386-LJO-GSA-PC<br><br>ORDER VACATING ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS, ISSUED ON OCTOBER 3, 2013,<br>(Doc. 9.)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS OF OCTOBER 3, 2013<br>(Doc. 10.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COPY OF COMPLAINT AS MOOT<br>(Doc. 11.)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER:<br><br>    (1) FILE AMENDED COMPLAINT, OR<br><br>    (2) NOTIFY COURT HE IS WILLING TO PROCEED ONLY AGAINST DEFENDANTS CLARK AND RIVAS WITH THE CLAIMS FOUND COGNIZABLE BY THE COURT<br><br>THIRTY DAY DEADLINE |

**I.    BACKGROUND**

    Johnathan Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 18, 2013.  (Doc. 1.)  The court screened Plaintiff's Complaint pursuant to

1

28 U.S.C. § 1915A and found that it states cognizable claims for relief under section 1983 against defendant Correctional Officer (C/O) J. Clark for use of excessive force in violation of the Eighth Amendment, and against defendant C/O A. Rivas for failure to protect Plaintiff in violation of the Eighth Amendment. On September 16, 2013, the court issued a screening order requiring Plaintiff to either file an amended complaint, or notify the court of his willingness to proceed only against defendants Clark and Rivas, within thirty days. (Doc. 7.) On September 27, 2013, Plaintiff notified the court that he was willing to proceed only on the claims found cognizable by the court, against defendants Clark and Rivas. (Doc. 8.) Based on Plaintiff's notice, the court issued findings and recommendations on October 3, 2013, recommending that this action proceed only against defendants Clark and Rivas, and that all other defendants be dismissed from this action. (Doc. 10.)

On November 12, 2013, Plaintiff filed a motion for the court to provide him with a conformed copy of his Complaint. (Doc. 11.) Also on November 12, 2013, Plaintiff filed objections to the findings and recommendations, objecting to the recommendation to dismiss all defendants and claims except defendants Clark and Rivas from this action. (Doc. 12.)

## II. PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

Plaintiff objects to the court's recommendation that all defendants except defendants Clark and Rivas be dismissed from this action. Plaintiff indicates that he now wishes to proceed against defendants Clark, Rivas, Flores, and the Doe Defendants in this action.

In light of Plaintiff's objections, the court shall vacate the findings and recommendations. Plaintiff has two choices at this juncture:

**Either:**

(1) If Plaintiff wishes to proceed against defendants including Officer Flores and the Doe Defendants, he must file an amended complaint, sufficiently alleging each of the claims he wishes to proceed upon and the involvement of each and every defendant. Local Rule 220 requires that an amended complaint be *complete in itself* without reference to any prior pleading. L.R. 220 (emphasis added). As a

general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967);

**Or:**

(2) If Plaintiff does not wish to file an amended complaint, he must notify the court in writing that he is willing to proceed *only against defendants Clark and Rivas*, on the claims found cognizable by the court in the September 16, 2013 screening order.

Plaintiff shall be granted thirty days in which to indicate his choice.

### III. MOTION FOR COPY OF COMPLAINT

Plaintiff filed a motion requesting a conformed copy of his Complaint to replace the copy mailed to him by the court on October 3, 2013 with the Order Directing Plaintiff to Submit Service Documents. Plaintiff requires another copy because he gave his conformed copy of the Complaint to officers at the prison, with a request for copywork, and the copy was lost.

Plaintiff is advised that service of process shall be delayed until after he files an amended complaint, or written notice, as discussed above. The court shall vacate the October 3, 2013 Order Directing Plaintiff to Submit Service Documents, and when service is again appropriate, the court shall issue a new order. Therefore, Plaintiff is not required to submit service documents at this time, and Plaintiff's motion for a conformed copy of the Complaint is moot.

### IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations of October 3, 2013, are VACATED;
2. The Order Directing Plaintiff to Submit Service Documents, issued on October 3, 2013, is VACATED;
3. Plaintiff's motion for a conformed copy of his Complaint, filed on November 12, 2013, is DENIED as moot;
4. The Clerk's Office shall send Plaintiff a civil rights complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff must **either:**

    a. File a First Amended Complaint; **or**

    b. Notify the court in writing that he does not wish to file a First Amended Complaint, and instead is willing to proceed only against defendant Clark for use of excessive physical force and defendant Rivas for failure to protect;

and

6. If Plaintiff fails to comply with this order, the court will recommend that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 13, 2013**            **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE