UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>J. CLARK, et al.,<br><br>　　　　Defendants. | 1:13-cv-00386-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANTS CLARK AND RIVAS ON PLAINTIFF'S EIGHTH AMENDMENT CLAIMS, AND ALL REMAINING CLAIMS AND DEFENDANTS BE DISMISSED<br>(Doc. 1.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Johnathan Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds on the original Complaint filed by Plaintiff on March 18, 2013. (Doc. 1.) The Complaint names Correctional Officer (C/O) J. Clark, C/O A. Rivas, C/O L. Aragon; C/O A. Tirado; C/O J. Magana, and Sergeant W. Rasley as defendants, and alleges claims for excessive force and failure to protect under the Eighth Amendment.

The court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims for relief under § 1983 against defendant C/O J. Clark for use of excessive force in violation of the Eighth Amendment, and against defendant C/O A. Rivas for

failure to protect Plaintiff in violation of the Eighth Amendment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992); <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994); <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).  On September 16, 2013, Plaintiff was given leave to either file an amended complaint, or in the alternative, to notify the court that he does not wish to file an amended complaint and instead wishes to proceed only on the claims identified by the court as viable/cognizable in the court's order.  (Doc. 7.)  On September 27, 2013, Plaintiff filed written notice to the court that he wished to proceed only on the claims found cognizable by the court.  (Doc. 8.)

Based on Plaintiff's September 27, 2013 notice, the court entered findings and recommendations, recommending that this case proceed on the original Complaint against defendants Rivas and Clark, and that all other defendants be dismissed.  (Doc. 10.)  On November 12, 2013, Plaintiff filed objections to the findings and recommendations, objecting to the recommendation to dismiss all defendants except defendants Rivas and Clark.  (Doc. 12.)  Based on Plaintiff's objections, the court vacated the findings and recommendations and Plaintiff was again given leave to either file an amended complaint, or in the alternative, to notify the court that he does not wish to file an amended complaint and instead wishes to proceed only on the claims identified by the court as viable/cognizable in the court's order.  (Doc. 13.)  On November 25, 2013, Plaintiff filed written notice to the court that he wishes to proceed only against defendants Rivas and Clark.

Accordingly, based on Plaintiff's November 25, 2013 notice, the court **HEREBY RECOMMENDS** that:

1. This action proceed only against defendants C/O J. Clark for use of excessive force in violation of the Eighth Amendment, and C/O A. Rivas for failure to protect Plaintiff in violation of the Eighth Amendment;

2. All remaining claims and defendants be dismissed from this action;

3. Defendants C/O L. Aragon; C/O A. Tirado; C/O J. Magana, Sergeant W. Rasley, and the Doe Defendants be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them under § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 11, 2013**                      **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE