UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>            Plaintiff,<br><br>      vs.<br><br>J. CLARK, et al.,<br><br>            Defendants. | 1:13-cv-00386-LJO-GSA-PC<br><br>ORDER DENYING REQUEST FOR ISSUANCE OF SUBPOENA, WITHOUT PREJUDICE<br>(Doc. 27.) |

Johnathan Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint filed by Plaintiff on March 18, 2013, against defendant C/O J. Clark for use of excessive force in violation of the Eighth Amendment, and defendant C/O A. Rivas for failure to protect Plaintiff in violation of the Eighth Amendment.[1] (Doc. 1.)

---

[1] On January 24, 2014, the court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim under § 1983. (Doc. 17.)

On June 3, 2014, the court issued a Scheduling Order setting out pretrial deadlines in this action, including a deadline of February 2, 2015, for the completion of discovery, including the filing of motions to compel. (Doc. 25.)

On June 26, 2014, Plaintiff submitted a proposed subpoena duces tecum for issuance by the court. (Doc. 27.) The subpoena commands non-parties Warden Connie Gipson and the Litigation Coordinator at Corcoran State Prison to produce:

> "any document or electronically stored information, within your possession, custody or control, including investigators' notes and reports, pertaining to Third Level Appeal Case No. 111-3723; Corcoran Appeal Log No. 1201099; Corcoran Health Care Appeal Log No. 12-49495, including the 7219; and the Ad-Seg records that were in existence on January 29th, 2012, for Johnathan Hill, CDC No. P86443."

(Doc. 27 at 1.)

For the reasons set forth below, Plaintiff's request is denied, without prejudice to renewal of the request.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. It appears to the Court that the documents sought by Plaintiff may be available to Plaintiff through a request for production of documents to Defendants. Fed. R. Civ. P. 34. Plaintiff has not demonstrated that he made a request to Defendants for production of these documents, nor has Plaintiff filed a motion to compel Defendants to produce the requested documents. Moreover, Plaintiff's request is overbroad, requesting "*any document* or electronically stored information, within [the non-parties'] possession, custody or control . . ." (Doc. 27 at 1) (emphasis added.)

Should Plaintiff choose to file another request for the issuance of a subpoena duces tecum, Plaintiff must (1) identify with specificity the documents sought and from whom, and

(2) make a showing in the request that the records are only obtainable through that third party. Also, documents requested must fall within the scope of discovery allowed in this action.[2]

The time for conducting discovery in this action, including motions to compel, expires on February 3, 2015.  Therefore, Plaintiff should proceed as soon as possible with his discovery requests.

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's request for the issuance of a subpoena, filed on June 26, 2014, is DENIED, without prejudice to renewal of the request at a later stage of the proceedings, as instructed by this order.

IT IS SO ORDERED.

Dated:  **July 3, 2014**             **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).