UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>      Plaintiff,<br><br>    vs.<br><br>J. CLARK, et al.,<br><br>      Defendants. | 1:13-cv-00386-LJO-GSA-PC<br><br>ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL<br><br>THIRTY-DAY DEADLINE |

**I.    BACKGROUND**

Johnathan Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 18, 2013. (Doc. 1.) This action now proceeds with Plaintiff's original Complaint, filed on March 18, 2013, against defendant C/O J. Clark for use of excessive force in violation of the Eighth Amendment, and C/O A. Rivas for failure to protect Plaintiff in violation of the Eighth Amendment.[1]

On June 3, 2014, the Court issued a Discovery/Scheduling Order in this action, establishing a deadline of February 3, 2015 for the parties to conduct discovery, and a deadline

---

[1] On January 24, 2014, the Court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983. (Doc. 17.)

1

of April 15, 2015 for the filing of pretrial dispositive motions. (Doc. 25.) The pretrial deadlines have now expired. No pretrial dispositive motions were filed. At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II. SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[3]

IT IS SO ORDERED.

Dated:   **April 30, 2015**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[3] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.