UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>           Plaintiff,<br><br>      vs.<br><br>C/O J. CLARK, and<br><br>C/O A. RIVAS,<br><br>           Defendants. | 1:13-cv-00386-EPG-PC<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL<br>(ECF No. 58.) |

## I.     BACKGROUND

Johnathan Hill ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is scheduled for trial before Magistrate Judge Erica P. Grosjean on April 12, 2016.[1]

On November 23, 2015, the Court issued an order appointing Douglas L. Gordon and Aida S. Macedo, of Miles, Sears & Eanni, as *pro bono* counsel for Plaintiff in this case. (ECF No. 64.)  On December 22, 2015, Plaintiff's counsel filed a motion to withdraw their representation of Plaintiff pursuant to Local Rule 182(d).  (ECF No. 70.)

---

[1] The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. 636(c), and on August 10, 2015, this case was reassigned to Magistrate Judge Erica P. Grosjean for all further proceedings, including trial and entry of final judgment. (ECF No. 45.)

1

## II. LOCAL RULE 182(d) – WITHDRAWAL AS COUNSEL

Local Rule 182(d) provides:

> **Withdrawal.** Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

The decision to grant or deny a motion to withdraw as counsel is committed to the sound discretion of the trial court. See LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Rus, Millband & Smith v. Conkle & Olesten, 113 Cal.App.4th 656, 673 (2003).

Here, Plaintiff's counsel argues that communications from Plaintiff have created a conflict that will preclude counsel from effective representation of Plaintiff. Counsel has provided an affidavit as required by Rule 182(d). Upon consideration of the pleadings in this matter, the Court finds that counsel's argument has merit, and the motion to withdraw as counsel should be granted.

Plaintiff is hereby advised that he no longer has an attorney to represent him in this case, and in acting as his own counsel, he is responsible for complying with all Court rules and applicable laws. Plaintiff is required to keep the Court apprised of his current mailing address at all times. Failure to do so, and failure to comply with any order of this Court, may result in sanctions, including the dismissal of this action.

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion to withdraw as counsel for Plaintiff, filed by Douglas L. Gordon and Aida S. Macedo on December 22, 2015, is GRANTED, and Plaintiff is SUBSTITUTED in their place to act as his own counsel; and

*///*

2. The Clerk is DIRECTED to serve a copy of this order on Plaintiff at the following address:

>    Johnathan Hill, P-86443
>    Kern Valley State Prison
>    P.O. Box 5103
>    Delano. CA  93216-6000

IT IS SO ORDERED.

Dated:  **December 29, 2015**                /s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE