UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>            Plaintiff,<br><br>      vs.<br><br>C/O J. CLARK and<br><br>C/O A. RIVAS,<br><br>            Defendants. | 1:13-cv-00386-EPG-PC<br><br>ORDER FOLLOWING TELEPHONIC<br>HEARING HELD ON FEBRUARY 3, 2016<br><br>ORDER ADDRESSING DEFENDANTS'<br>MOTIONS IN LIMINE<br>(ECF No. 75.)<br><br>ORDER ADDRESSING PLAINTIFF'S<br>MOTIONS IN LIMINE<br>(ECF Nos. 76, 78.)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO BIFURCATE TRIAL<br>(ECF No. 74; also resolves ECF No. 73.)<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ATTENDANCE OF<br>INMATE WITNESS<br>(ECF No. 55.)<br><br><br>**Jury Trial**:   April 12, 2016 at 8:30 a.m.<br>                Courtroom 10 (EPC) |

## I.    BACKGROUND

Johnathan Hill ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's original Complaint, filed on March 18, 2013, against defendant C/O J. Clark for use of excessive force in violation of the Eighth Amendment, and C/O A. Rivas for failure to

protect Plaintiff in violation of the Eighth Amendment.[1] This case is scheduled for trial on April 12, 2016 at 8:30 a.m. before Magistrate Judge Erica P. Grosjean.

## II.      FEBRUARY 3, 2016 TELEPHONIC HEARING

On February 3, 2016 at 10:00 a.m., a telephonic hearing was held before Magistrate Judge Erica P. Grosjean to hear the parties' motions *in limine*, Defendants' motion to bifurcate, and Plaintiff's motion for the attendance of an incarcerated witness.[2]   Plaintiff appeared telephonically on his own behalf, and Deputy District Attorney Joanna Hood appeared telephonically on behalf of Defendants.

### A.      Motions In Limine

#### 1.      Lay Witnesses

Defendants brought a motion under Federal Rules of Evidence 701 to preclude Plaintiff from offering any testimony regarding a diagnosis, opinions, inferences, or causation; any opinion testimony regarding his medical records, medical condition, or alleged injuries; and any opinions or inferences from any medical records or diagnostic studies.

Rule 701 of the Federal Rules of Evidence provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

///

///

---

[1] On January 24, 2014, Magistrate Judge Gary Austin issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983.  (ECF No. 17.)

[2] On September 10, 2015, Plaintiff filed a motion for the attendance of an incarcerated witness. (ECF No. 55.)  On January 12, 2016, Defendants filed motions *in limine*, and on January 13, 2016 and January 21, 2016, Plaintiff filed motion *in limine*. (ECF Nos. 75, 76, 78.)  On January 12, 2016, Defendants filed a motion to bifurcate the trial. (ECF No. 74.)

The Court found Defendants' request to be vague.  Plaintiff's testimony at trial will be evaluated under Rule 701.  Plaintiff may testify about what he felt, the extent of any injuries, and any opinions about causation based on his personal observation and perception.  However, Plaintiff will not be permitted to give a medical opinion or interpret medical records that require expert testimony.  Thus, Defendants' motion is granted in part and denied in part.

## 2.   Evidence Regarding Dismissed or Irrelevant Claims and Defendants

Defendants seek to preclude Plaintiff from presenting any evidence regarding defendants, claims, or events that were dismissed from this case or are irrelevant.

The Court found this request vague and overbroad and ordered as follows.  Plaintiff may not argue that individuals dismissed from this case are liable in this case or violated any rule or law including constitutional standards.  Any evidence about those dismissed individuals will only be admitted if relevant to Plaintiff's claims against Officer Clark for excessive force or Officer Rivas for failure to protect.  That said, any individuals who were present and potentially witnessed the events may be relevant insofar as what they know or how they reacted, which could shed light on Plaintiff's claims.

## 3.   Other Lawsuits, Claims, or Incidents Alleging Misconduct by Defendants

Defendants seek to preclude Plaintiff from eliciting testimony or testifying about any other lawsuits, claims, or incidents alleging misconduct against defendants.

Rule 404(b) of the Federal Rules of Evidence provides:

**(b) Crimes, Wrongs, or Other Acts.**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

**(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

**(B)** do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

The Court finds that Defendants' motion is related to Plaintiff's motion filed on January 21, 2016 (ECF No. 78) asking for modification of the Pretrial Order so Plaintiff may "offer evidence of defendants' involvement, if any, in any other lawsuits, claims and/or incidents, alleging misconduct."

Defendants' motion is granted, and Plaintiff's motion is denied.  It appears that Plaintiff plans to admit Defendants' prior acts to show that Defendants are the type of people who commit these types of acts.  Such evidence is not relevant to the claims here, and under Fed. R. Evid. 403, any potential relevance is outweighed by prejudice.  The jury will decide the claims against Defendants based on evidence about what happened during the incident at issue in this case.

### 4.     Exclusion of Offers to Compromise and Settlement Negotiations

Defendants seek to exclude "evidence of any offers to compromise, as well as conduct or statements made during settlement negotiations."   Defendants' motion is related to Plaintiff's request in his motion filed on January 21, 2016 (ECF No. 78) asking for modification of the Pretrial Order to allow testimony regarding settlement discussions.

Defendants' motion *in limine* is granted, and Plaintiff's request is denied.

Rule 408(a) of the Federal Rules of Evidence provides:

**(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

**(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

**(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Based on Rule 408(a), nothing said during settlement discussions, or even the fact that there were settlement discussions, will be admitted as evidence.  There are no exceptions.

### 5.    **Evidence of Defendants' Indemnification**

Defendants seek to exclude evidence of Defendants' indemnification by the state or any other source.  The Court invited Defendants to file a supplemental brief within five days, on the question of whether potential state indemnification may be admitted when considering the amount of punitive damages.  Defendants did not file a supplemental brief.

Nevertheless, upon consideration, the Court grants Defendants' motion to exclude evidence of potential state indemnification in all stages of trial.   Under Federal Rule of Evidence 403, the Court finds such evidence more prejudicial than probative.  The Court is also guided by California Government Code § 825(b), which states:

> The discovery of the assets of a public entity and the introduction of evidence of the assets of a public entity shall not be permitted in an action in which it is alleged that a public employee is liable for punitive or exemplary damages.

> The possibility that a public entity may pay that part of a judgment that is for punitive damages shall not be disclosed in any trial in which it is alleged that a public employee is liable for punitive or exemplary damages, and that disclosure shall be grounds for a mistrial.

Thus, the Court grants this motion.

### 6.    **Personnel Records**

Defendants request the Court preclude Plaintiff from questioning Defendants about any matters contained in their personnel records.

To the extent that Plaintiff plans to admit Defendants' prior acts to show they are the type of people who commit these types of acts, Plaintiff may not do so.  As discussed above, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(1), and any potential relevance is outweighed by prejudice, Fed. R. Evid. 403.  However, such evidence may be admissible for other purposes.  Fed. R. Evid. 404(b)(1).

Therefore, Defendants' motion is granted with respect to matters contained in their personnel records about anything other than the events at issue in this case.

///

### 7. __Facts of Plaintiff's Incarceration__

Defendants request to admit the date and length of Plaintiff's incarceration, as well as that of any inmate witness.  Plaintiff's motion *in limine* requests exclusion of his convictions, because such evidence is prejudicial and the convictions are over ten years old.

Rule 609(a),(b) of the Federal Rules of Evidence provides:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

The Court shall allow Defendants to ask if Plaintiff is serving time for a felony, but nothing more.  Defendants may do the same for any inmate witnesses.  More information than that would be more prejudicial than probative.  Moreover, Plaintiff's convictions were imposed more than ten years ago, for crimes where honesty is not an element.

The Court notes that Plaintiff will be dressed in prison uniform, and it will be readily apparent he is incarcerated.  The nature of his crime will not shed further light on his credibility or claims in this case.

### 8.   Cell Search Receipt

Plaintiff requests that Defendants authenticate a chrono 115 cell search receipt that was given to Plaintiff by Officers Clark and Rivas.  Defendants argue that it cannot be authenticated because Defendants could not locate the chrono 115 in the records, and the signature for Officer Clark on the cell search receipt possessed by Plaintiff does not appear to be Clark's signature.

In light of Defendants' representation that they cannot authenticate the document, the Court denies Plaintiff's request for authentication.  However, Plaintiff may offer evidence at trial to show why he believes the receipt is authentic and may cross examine defendant Clark about whether the signature is his.  The Court will determine at trial based on evidence and testimony presented whether the chrono 115 may be admitted into evidence.

### B.   Motion to Bifurcate Trial

Defendants request bifurcation of the trial, with separate phases for liability and if needed, for punitive damages.  This motion is granted.  During the first phase of the trial, the jury shall be asked to decide liability and whether punitive damages should be awarded.  If the jury decides to award punitive damages, the second phase of the trial shall decide the amount of punitive damages.

### C.   Motion for Attendance of Incarcerated Witnesses

Plaintiff requests the Court to transport inmate witness Dwayne Thompson T-12115, to Court to testify at trial on Plaintiff's behalf.  Plaintiff asserts that Thompson saw and heard the assault on Plaintiff through a crack in his cell.

Dwayne Thompson's declaration was entered on the Court's record.  (ECF No. 59-1, at p. 13.)  The Court has reviewed the declaration, in which Thompson declares that he witnessed Officers Rivas and Clark escorting Plaintiff from the holding cage to Plaintiff's cell on January 29, 2012 at approximately 8:10 p.m.  (Id.)

The Court grants Plaintiff's motion for the attendance of this inmate witness and shall issue a writ to transport him to trial.

///

**D.**    **Pretrial Submissions**

At the February 3, 2016 hearing, the Court set a deadline of February 17, 2016 for the parties to exchange and submit trial exhibits, and for other pretrial submissions to the Court, including trial briefs, if any, sample verdict forms, jury instructions, voir dire questions, and a shared neutral statement of the case.

**III.**   **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The parties' motions *in limine*, filed on January 12, 2016, January 13, 2016, and January 21, 2016, are RESOLVED by this order as discussed above;

2.    Defendants' motion to bifurcate, filed on January 12, 2016, is GRANTED;

3.    Plaintiff's motion for the attendance of an incarcerated witness, filed on September 10, 2015, is GRANTED;

4.    The deadline for the parties' pretrial submissions is February 17, 2016; and

5.    This case is set for jury trial on April 14, 2016 at 8:30 a.m. in Courtroom 10, 6th Floor, before Magistrate Judge Erica P. Grosjean.

IT IS SO ORDERED.

Dated:   **February 19, 2016**        /s/ *Erica P. Grosjean*

                                      UNITED STATES MAGISTRATE JUDGE