UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN HILL,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CLARK and A. RIVAS,<br><br>        Defendants. | Case No.: 1:13-cv-386-EPG<br><br>ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE PRETRIAL ORDER<br><br>(Doc. 101) |

**I.    Introduction**

On March 9, 2015, Defendants Clark and Rivas, filed a Motion to Amend the Pretrial Order (Doc. 57) requesting that an additional witness be permitted to testify at trial. (Doc. 101).  Plaintiff has not filed an opposition.  Upon a review of the pleading, Defendants' motion is GRANTED.

**II.    Discussion**

This case is set for trial on **Tuesday, April 12, 2016, at 8:30 a.m**.  Defendants have filed a motion to amend the pretrial order so that an additional witness, Lieutenant Cruz, can be permitted to testify at trial.  Defendants contend that Lieutenant Cruz was involved in the adjudication of Plaintiff's inmate appeal related to his claims of excessive use of force.  They assert that a complete

1

copy of the appeal and the related confidential staff inquiry was given to Plaintiff during discovery, and these documents were also identified in their pretrial statement.  Plaintiff also received copies as part of Defendants' trial exhibits on February 16, 2016. Defendants contend that the omission of this witnesses in their pretrial statement was inadvertent, and that there is no prejudice to Plaintiff since he is in possession of the documents related to Lieutentant Cruz's testimony.

Generally, the Pretrial Order controls and it may not be modified absent a showing of necessity to prevent manifest injustice.  Fed. R. Civ. P. 16(d), (e); Local Rule 283(c); *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).  The following factors are considered in determining whether to modify the Amended Pretrial Order: (1) degree of prejudice or surprise to the opposing party; (2) the ability of the opposing party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party requesting the amendment. *Hunt*, 672 F.3d at 616 (quotation marks and citation omitted); *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

Here, all of the parties are in possession of the documents that relate to Lieutenant Cruz's testimony, therefore, there will be no prejudice or surprise in the litigation of the case.  Moreover, Lieutenant Cruz's testimony is relevant to the issues that will be raised at trial and the omission appears to be inadvertent. Finally, Plaintiff has not opposed the request.  Accordingly, in order to prevent manifest injustice, the Defendants' Motion to Amend the Pretrial Order to include Lieutenant Cruz as a witness (Doc. 101) is GRANTED.

IT IS SO ORDERED.

Dated: **April 5, 2016**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE